PER CURIAM.
By this appeal we review a final judgment entered in the Circuit Court in a zoning contest. Appellant’s zoning code makes no provision for degrees of commercial classification nor residential classification. Property is zoned “R” for residential or “C” for commercial. The subject property was zoned residential. Appellees sought to have it rezoned to a commercial classification. The evidence revealed that the subject property is bordered by a school on the east, a heavily traveled highway on the south and vacant land on the west and north. The vacant land to the west of the subject property is zoned “R” but is bordered by commercial property. The vacant land to the north of the subject property is a 400 foot strip anticipated to be used for a road right-of-way, to the north of which is 60 acres of land recently zoned by appellant for commercial usage. Across the highway from the subject property is a cemetery.
The trial judge heard the evidence and specifically found in his final judgment:
“The evidence adduced establishes that there is no reasonable use of Plaintiffs’ land except for commercial purposes; that residential zoning as applied to said property unreasonably restricts the use of that property without any bearing on *501 the public health, safety, comfort, morals or public welfare; and that to deny such zoning change would be arbitrary and discriminatory to Plaintiffs.”
Based upon that finding the final judgment adjudged the ordinance imposing the residential zoning classification “to be an unreasonable exercise of power of Defendant as applied to Plaintiffs’ land, and unreasonably restricts the use of said property without any bearing on the public health, safety, comfort, morals or public welfare, and is void as applied to Plaintiffs’ land.”
We find no error.
Affirmed.
RAWLS, C. J., and BOYER and Mc-CORD, JJ., concur.